UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PORTILLO, | ) Case No. 08-CV-0706-LAB (JMA) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| | ) **REGARDING RESPONDENT'S REQUEST** |
| v. | ) **FOR STAY PENDING ISSUANCE OF** |
| | ) **THE MANDATE IN <u>HAYWARD v.</u>** |
| VICTOR M. ALMAGER, Warden, | ) **<u>MARSHALL</u>** |
| Respondent. | ) |

**I.  Introduction**

On May 14, 1993, a jury convicted Petitioner of attempted murder, and the court sentenced him to life in prison. (First Amended Petition [Doc. No. 3] at 1-2.) Petitioner initiated this action on April 16, 2008 and filed a First Amended Petition on May 13, 2008. [Doc. Nos. 1 & 3] Petitioner raises a single claim: that the Board of Parole Hearings violated his due process rights by failing to consider his excellent institutional behavior record and evidence of rehabilitation in finding him unsuitable for parole. (First Amended Petition at 6-7.)

On July 7, 2008, Respondent filed a Request for Stay Pending Issuance of the Mandate in <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th

1  Cir. 2008) ("Request").  [Doc. No. 5]  On May 16, 2008, the Ninth

2  Circuit granted en banc review in Hayward, and argument was heard

3  in the matter on June 24, 2008.  Respondent states that two

4  issues necessary to the resolution of this Petition are at issue

5  in Hayward: (1) whether California has created a federally

6  protected liberty interest in parole for life inmates, and (2) if

7  a liberty interest is created, what process is due under clearly

8  established Supreme Court authority.  Respondent requests that

9  the Court stay this federal Petition until such time as

10 challenges to Hayward are resolved and that decision becomes

11 final.  (Request at 1-4.)

12 **II.  Discussion**

13      In Hayward, a Ninth Circuit panel reversed then-California

14 Governor Davis's reversal of a parole date granted by the

15 California Board of Prison Terms (the "Board").  Hayward was

16 convicted of second degree murder in 1980, was sentenced to a

17 term of fifteen years to life and, at the time the Hayward

18 decision was filed, had served twenty-seven (27) years in prison.

19 Despite evidence of Hayward's stable social history and enhanced

20 ability to function within the law, Governor Davis reversed the

21 Board's decision and found Hayward unsuitable for parole.  The

22 Ninth Circuit reversed, finding that "no evidence in the record

23 support[ed] a determination that Hayward's release would

24 unreasonably endanger public safety."  Hayward, supra, 512 F.3d

25 at 544.  That decision is now before the Ninth Circuit en banc.

26      A court has discretion to ensure the just and efficient

27 determination of a case by staying it pending the resolution of

28 other proceedings when a stay would be "efficient for its own

1  docket and the fairest course for the parties." <u>Leyva v.</u>
2  <u>Certified Grocers of Cal.</u>, 593 F.2d 857, 863 (9th Cir. 1979).
3  Before issuing a stay, a court should consider "the possible
4  damage which may result from the granting of a stay, the hardship
5  or inequity that a party may suffer in being required to go
6  forward, and the orderly course of justice measured in terms of
7  the simplifying or complicating of issues, proof, and questions
8  of law which could be expected to result from a stay." <u>Lockyer</u>
9  <u>v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005), <u>citing</u>
10 <u>Landis v. North American Co.</u>, 299 U.S. 248, 268 (1936).
11 Additionally, a court should take into account the existence of
12 similar cases that are pending in the same district court, and
13 the probability that more are likely to be filed.  <u>Id</u>.

14      The magistrate judge finds that the issuance of a stay in
15 this case will serve the interests of judicial order and economy.
16 Petitioner will not be damaged by such a stay (which is likely to
17 be of fairly short duration), and relevant questions of law may
18 be clarified by waiting for <u>Hayward</u> to be finalized.  In
19 addition, as Respondent notes, the Ninth Circuit has sua sponte
20 stayed submission of several cases similar to this one until the
21 resolution of <u>Hayward</u>.

22 **III. Recommendation**

23      For the foregoing reasons, the undersigned magistrate judge
24 finds and recommends that the Court **GRANT** Respondent's Request
25 for Stay Pending Issuance of the Mandate in <u>Hayward</u>.

26      This Report and Recommendation is submitted to the Honorable
27 Larry A. Burns, United States District Judge assigned to this
28 case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

08cv0706

1    **IT IS ORDERED** that no later than **September 12, 2008** any
2  party may file written objections with the Court and serve a copy
3  on all parties.  The document should be captioned "Objections to
4  Report and Recommendation."

5    **IT IS FURTHER ORDERED** that any reply to the objections shall
6  be served and filed no later than **September 19, 2008**.  The
7  parties are advised that failure to file objections within the
8  specified time may waive the right to raise those objections on
9  appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449,
10  455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
11  1991).

12    **IT IS SO ORDERED**
13  DATED:  August 19, 2008

14
                                    _____
15                                   Jan M. Adler
                                     U.S. Magistrate Judge
16
17  .
18
19
20
21
22
23
24
25
26
27
28

08cv0706