# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. PORTILLO,<br><br>                    Petitioner,<br>  vs.<br><br>VICTOR M. ALMAGER, Warden,<br><br>                    Respondent. | CASE NO. 08cv0706-LAB (JMA)<br><br>**ORDER DENYING HABEAS PETITION** |

On August 13, 2010, Respondent moved to dismiss Portillo's habeas petition on the ground that Portillo failed to exhaust his state court remedies. Portillo has not opposed the motion to dismiss, although an order setting a briefing schedule required him to do so no later than September 10, 2010. (*See* Doc. No. 15.) While the Court finds Respondent's motion to be persuasive, it **DENIES** Portillo's petition on the merits.

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254. Here, the sole basis of Portillo's habeas claim is that the Board of Parole violated his rights under the Due Process Clause "because its decision failed to reflect consideration of [his] institutional behavior as a circumstance tending to demonstrate his suitability for parole." (First Amended Petition at 6–7.) Specifically, Portillo argues that a psychological evaluation conducted by Dr. Nancy Petasa is "supportive of release." (*Id.*)

The Court finds that the Supreme Court's recent per curiam decision in *Swarthout v. Cooke*, No. 10-333, 562 U.S. ___ (2011), is dispositive of Portillo's habeas petition. *Swarthout* scaled back dramatically the extent to which federal habeas courts may review the decisions of state parole boards. The petitioners in *Swarthout* "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." *Swarthout*, slip op. at p. 5. The Supreme Court held, "That should have been the beginning and the end of the federal habeas courts' inquiry into whether [they] received due process." *Id.* The crux of *Swarthout* is that the question whether a state parole board made the right decision in a given case is not cognizable on habeas review. *See id.* at p. 6 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioners] received, not whether the state court decided the case correctly.").

Portillo seeks habeas relief on the ground that the California Board of Parole erred in finding he would pose a threat to public safety if released from prison. This is precisely the kind of claim that *Swarthout* holds is not cognizable on habeas review. Portillo's petition is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: January 25, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge